### In re MYERSON.

(District Court, E. D. Pennsylvania. November 13, 1918.)

#### No. 5602.

1. BANKRUPTCY ☞136(2)—TURN-OVER PROCEEDINGS—CONTEMPT—DISTINCTION.

　　While a fact which has once been judicially determined may not be again litigated between the parties, a bankrupt against whom a turn-over order has been entered may purge himself of contempt for failure to comply therewith by showing his present inability, etc.

2. BANKRUPTCY ☞136(2)—FAILURE TO DELIVER PROPERTY—CONTEMPT PROCEEDINGS.

　　A mere denial, by formal answer to motion for attachment for contempt, of the original concealment found against the bankrupt in the turn-over proceedings, and inability to deliver, will not stay attachment.

In Bankruptcy. In the matter of Myer Myerson, individually and as surviving partner of the firm of Strat & Myerson. Sur motion for attachment. Motion granted.

Alfred T. Steinmetz, of Philadelphia, Pa., for trustee.
Joseph L. Kun, of Philadelphia, Pa., for bankrupt.

DICKINSON, District Judge. [1] There is ground for surprised comment that there should be any difficulty in grasping the distinction

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which has been so clearly pointed out between turn-over proceedings and contempt proceedings. We are given a summarized statement of the doctrine of the previously adjudged cases in Frederick v. Silverman, 250 Fed. 75, —— C. C. A. ——. A mere surface glance over the situation presented might suggest a seeming conflict between the two doctrines which are thus distinguished. A fact which has been judicially found becomes a fact which, in the very nature of things, cannot come again into controversy between the same parties to have the same question of fact again determined, and yet, in the effort to convince the court that the bankrupt cannot comply with the order made in the turn-over proceedings, the fact there found may be sought to be again brought into controversy.

Perhaps it may be of aid in grasping the thought of the real distinction if we view the question from something of the same point of view from which we would view it, were the respondent seeking to purge himself of a contempt. This order was made. It was made to be obeyed. If, however, compliance is beyond the power of the respondent, no court will imprison or otherwise punish a man for not doing what he cannot do. In order to bring out clearly the grounds of the distinction, if the respondent frankly admitted the original concealment, but gave a clear explanation of his present inability to comply with the order, a case for indictment and trial by a jury might be presented, but no judge could impose punishment without a usurpation of power. If, however, the respondent was found to be contumaciously refusing compliance with the order, the court must enforce obedience.

[2] It is a mistake to assume that a mere denial, by formal answer to the motion for attachment, of the original concealment found against the bankrupt in the turning over proceedings, and a consequent inability to deliver up the property to the trustee will stay the issuance of the attachment. It will not. There is in this a practical policy of the law to be served, which has been pointed out in the Epstein Case, 206 Fed. 568.

Let the attachment issue.